## W. F. LANE v. JAMES M. ROBERSON.

## SANFORD BAKER AND WIFE v. JAMES M. ROBERSON.

**Minor Defendants — Entry of Appearance by Attorney — Guardian ad Litem.**
     The appearance of a minor defendant cannot be entered by attorney. Such must be summoned and then it is the duty of the court, as the friend of infants, to see that a guardian be appointed who must have an opportunity to defend.

**Decretal — Sale of Land — Purchaser — Writ of possession — Confirmance.**
     A purchaser has no right to claim land bid off at a decretal sale until the sale is confirmed, as it does not become a sale and purchase until then.

**Same — Purchaser not to be Placed in Possession at Time of Sale.**
     It is error to order a commissioner to place a purchaser in possession at the time of a decretal sale, and especially where the sale occurs after the crop is gathered.

APPEAL FROM MADISON CIRCUIT COURT.

April 20, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The insolvency of W. F. Lane and his inability to pay his own small debts at the time the debt of $1,000 was paid to Hocker, a note for which had been executed to Roberson as a payment on

the land bought of him by W. F. Lane's father, and his long delay in asserting it, precludes any supposition that he really paid it, and the judgment dismissing his petition absolutely was right and is affirmed.

Mrs. Baker was an heir of Wm. Lane, deceased, and though married, still a minor, her husband in the army, and the land which had descended to her and her coheirs was decreed to be sold to pay her deceased father's debts for the land, at first without her even being made a party; and when the sale and judgment of sale were set aside on the motion of W. F. Lane she was still made no party by any amended pleading, but upon the record is an entry that all the heirs of Wm. Lane, deceased, by attorney, enter their appearance; but the appearance of a minor defendant cannot be entered by attorney; such must be summoned; and then it is the duty of the court as the friend of infants to see that a guardian be appointed who must have an opportunity to defend for his ward.

W. F. Lane, a defendant in the Roberson action, and plaintiff in his own against Lane's heirs, purchased the land, and is, therefore, affected by all the errors in the record.

Roberson's petition was filed in 1862; one payment was not due until March 1, 1863, and two in 1864; yet without any amended pleadings he obtained judgment on the note for $1,000 due March 1, 1863, which was clearly erroneous. Purchasers have no right to claim land bid off at decretal sales until the sale is confirmed by the chancellor, as it really does not become a sale and purchase until then. So it was erroneous to order the commissioner to place the purchaser in possession at the sale, and especially as this sale must occur after the crop was pitched, as the judgment of sale was rendered in March.

The purchase and sale and judgment of sale should have been set aside on the application of Baker and wife, and the dismissal of their petition and dissolution of their injunction was erroneous, wherefore, this order is reversed with directions to set aside the judgment and sale to Willis F. Lane, with privilege to Roberson to amend his pleadings; but the sales to Garrard and Kinnard will not be set aside, they being no parties, and for further proceedings as herein indicated.

*S. Turner,* for Appellants.

*Dunlap,* for Appellee.